## Ezra W. Mudge *vs.* Edward A. Oliver.

One who buys goods at a shop which has been occupied by a person who owes him, under the supposition that he is dealing with his debtor, but is informed before leaving the shop that another person has become the owner of the stock of goods there and is selling them on his own account, and makes no objection, but retains the goods, cannot afterwards resist an action for the price, although the vendor acquired them by a conveyance fraudulent as to the creditors of the original owner, and the purchaser was himself a creditor of such original owner.

CONTRACT for goods sold and delivered. At the trial in the superior court, it appeared that some time before the transaction in question the plaintiff's son had been doing business in Lynn, but had sold to the plaintiff his whole stock of goods, of which the articles now sued for were a part. The defendant did not know of this change of ownership until after he had purchased the goods in controversy and sent them from the shop, but he was informed of it before he had left the shop himself; and he offered to prove that he was a creditor of the plaintiff's son, and that the sale by him to the plaintiff was fraudulent and void as against creditors; but *Lord*, J., rejected the evidence; and a verdict having been returned for the plaintiff by consent, the case was reported to this court.

No appearance for the defendant.

*W. Howland*, for the plaintiff.

DEWEY, J. The proposed evidence was properly rejected. The fact that the plaintiff became the owner of the goods purchased by the defendant, by a conveyance that might have been avoided as fraudulent as against the creditors of the vendor of the plaintiff, by an attachment of the same, or other proper proceedings to raise that question, does not open any ground of defence for the defendant in the present action. The defendant purchased the goods, for which this action is brought, from the plaintiff, and through his agent. The fact that the defendant was, when making the purchase, ignorant of the transfer of the same by the former owner to the plaintiff, even if it might have furnished a justification for returning the goods and rescinding

the contract, had he chosen to do so, upon that fact being made known to him, cannot now avail him as a defence.    Having been fully informed of the transfer, and on whose account the goods were sold to him, before he left the shop on the occasion of making the purchase, although after the delivery of the goods, the defendant, by retaining the goods after he was thus informed as to his vendor, must be held to have recognized th plaintiff as his vendor, and be held to make payment to him therefor.    The fact that the defendant was himself a creditor of the former owner of the goods from whom the plaintiff derived his title thereto, does not affect the case.

*Judgment on the verdict for the plaintiff.*